Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
*Kimberly Sandberg
Assistant Federal Public Defender
New York State Bar No. 5152863
411 E. Bonneville Ave., Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Kimberly_Sandberg@fd.org

*Attorney for Petitioner Ronald Eugene Allen, Jr.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ronald Eugene Allen, Jr., | |
| Petitioner, | Case No. 3:22-cv-00176-ART-CSD |
| v. | **First Amended § 2254 Petition** |
| Tim Garrett, *et al.*, | |
| Respondents. | |

**INTRODUCTION**

Allen filed a pro se petition for writ of habeas corpus on April 19, 2022, and motion for the appointment of counsel.[1] This Court appointed the Federal Public Defender to represent Allen on May 12 2022.[2] Undersigned counsel filed a notice of appearance on June 6, 2022.[3]

Allen is filing the following petition as a protective petition. This amended petition is designed to preserve, for the purposes of the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations (28 U.S.C. 2244(d)), all potential claims pending newly-appointed counsel's forthcoming effort to fully review and possibly investigate claims in Allen's case. *See also See Mayle v. Felix*, 545 U.S. 644 (2005). Allen calculated his AEDPA date as June 23, 2022; therefore, he files this protective petition to preserve all claims. He is simultaneously filing a motion to file a second amended petition.

Counsel hasn't been able to fully research and investigate the pro se claims to determine the exact nature of the claims and whether they have merit; in an abundance of caution, counsel is preserving these claims by including all claims raised in state court on direct appeal or post-conviction proceedings as well as a handwritten claim in Allen's pro se federal petition.

---

[1] ECF No. 6 & 5.

[2] ECF No. 5.

[3] ECF No. 11.

# Procedural History

## A. State trial proceedings.

The State filed a criminal complaint on August 11, 2016 charging Allen with battery on a protected person with substantial bodily harm (count 1); and battery constituting domestic violence (count 2).

A preliminary hearing was held on September 22, 2016. At the hearing, the two counts in the complaint were bifurcated. Allen was bound over to the district court on the felony count (battery on a protected person with substantial bodily harm). An information was filed on September 23, 2016, charging Allen with battery of a protected person with substantial bodily harm. Allen was arraigned and pled not guilty.

On April 14, 2017, the court ordered Allen be remanded for a competency evaluation. Allen was determined to be competent. Prior to trial, the State filed a notice of intent to seek punishment as a habitual criminal on September 22, 2017.

Trial began on October 31, 2017. Allen was found guilty of battery on a protected person with substantial bodily harm. The court sentenced Allen under the small habitual offender criminal statute to a maximum of 240 months with a minimum parole eligibility of 96 months, consecutive to C-16-317786-1.

## B. Direct appeal.

Allen filed a notice of appeal. He filed an opening brief, through counsel, on July 11, 2018. He raised the claim that the State committed misconduct when it improperly denigrated the defense theory and defense counsel during rebuttal argument. The Nevada Court of Appeals issued an order of affirmance on April 16, 2019.

## C. State post-conviction proceedings.

Allen mailed his pro se petition for writ of habeas corpus, and it was received by the district court on May 8, 2020. However, it wasn't filed by the clerk until May

3

27, 2020. Because of the delay, the district court dismissed Allen's petition since the petition had to be filed by May 13, 2020 to be timely. However, the Nevada Court of Appeals determined the district court erred, and deemed the petition timely. The Court also considered Allen's claims and denied him relief on April 11, 2022.

Allen raised the following claims in his state post-conviction petition:

1. Trial counsel was ineffective for failing to object to prosecutorial misconduct when the State improperly denigrated the defense theory and defense counsel during rebuttal argument.
2. The State failed to adequately investigate the charged crime.
3. The State committed prosecutorial misconduct by knowingly presenting false and perjured testimony.
4. Trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of resisting an arrest.

**D.   Federal habeas proceedings.**

Allen filed his pro se federal habeas petition on April 19, 2022, and he filed a motion for counsel. This Court appointed the Federal Public Defender to represent Allen on May 12, 2022. Counsel filed a notice of appearance on June 6, 2022, and determined Allen's statute of limitations under AEDPA expires on or around June 23, 2022. Allen is filing the instant petition as a protective petition, and is simultaneously filing a motion for leave to file a second amended petition.

## GROUNDS FOR RELIEF

**Ground One: The prosecution committed misconduct when it improperly denigrated the defense theory and defense counsel during rebuttal argument in violation of Allen's Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.**

It is improper for a prosecutor to ridicule or denigrate a defense theory. *U.S. v. Sanchez*, 176 F.3d 1214, 1225 (9th Cir. 1999) (holding that the prosecutor "committed misconduct in ... denigrating the defense as a sham" and reversing the conviction). The Nevada Supreme Court has continually held that it was improper for prosecutors to ridicule or belittle a defense theory or case. *Earl v. State*, 111 Nev. 1304, 1311 (1995) (reversing the conviction where the prosecuting attorney called the defendant's testimony "malarkey," explaining that "this remark by the prosecutor violated his duty ... not to ridicule or belittle the defendant or the case"); *Barron v. State*, 105 Nev. 767, 779-80 (1989) (recognizing a duty not to ridicule the defense theory and condemning the prosecutor for telling the jurors that the defense "tried to hustle you"); *Pickworth v. State*, 95 Nev. 547, 550 (1979) (holding the prosecutor's comment, referring to defense theory as a "red herring," was improper).

In this case, the prosecution belittled and ridiculed the defense theory by stating that "folks, defense counsel comes up here and tells you what, when you have an overwhelming amount of evidence in this case and the defendant is absolutely boxed into a corner, that is what happens. Defense counsel does this, blames everybody other than the defendant. Right" (App. Vol. IV, pg. 720) The prosecutor's comment was improper and violated Mr. Allen's rights to a fair trial and due process that are guaranteed under state and federal law, as well as the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Furthermore, the prosecutor's rebuttal statement also improperly disparaged defense counsel by making them out to be, in essence, dishonest.

5

A prosecutor may not disparage or ridicule the defendant's counsel or criminal defense attorneys in general because defendants enjoy "the right to counsel unstained by unfair disparagement." *U.S. v. Rodrigues*, 159 F,3d 439,451 (9th Cir. 1998); see also, *U.S. v. Santiago*, 46 F.3d 885, 892 (9th Cir. 1995) ("[U]nder the Sixth Amendment, prosecutors may not imply that ... all defense counsel are programmed to conceal and distort the truth."), ce11. denied, 515 U.S. 1162 (1995); *Riley v. State*, 107 Nev. 205, 213 (1991) ("It is also inappropriate for a prosecutor to make disparaging remarks pertaining to defense counsel's ability to carry out the required functions of an attorney."); *Barron v. State*, 105 Nev. 767,780 (1989) (the prosecutor's "statements were also a violation of a district attorney's duty not to ridicule or belittle the defendant or his case."); *McGuire v. State*, 100 Nev. 153, 157-158 (1984) ("We can discern no purpose for the statement other than as an attempt to belittle defense counsel in front of the jury. Other examples appear throughout the trial transcript. Disparaging comments have absolutely no place in a courtroom, and clearly constitute misconduct. See, *People v. Podwvs*, 44 P.2d 377 (Cal.Ct.App. 1935)").

In *Rodrigues*, the court of appeals ordered a new trial on several counts, in spite of defense counsel's failure to object contemporaneously, where the prosecutor told jurors that after listening to defense counsel, "you all must be feeling somewhat confused ... [defense counsel] has tried to deceive you." *Rodrigues*, 159 F.3d at 449-52. The Ninth Circuit ruled that the prosecutor:

> does not speak as a mere partisan. He speaks on behalf of a government interested in doing justice. When he says the defendant's counsel is responsible for lying and deceiving, his accusations cannot fail to leave an imprint on the jurors' minds. And when no rebuke of such false accusations is made by the court, when no response is allowed the vilified lawyer, when no curative instructions is given, the jurors must necessarily think

>that the false accusations had a basis in fact. The trial process is distorted.

*Rodrigues*, 159 F.3d at 451.

In this case, defense counsel was disparaged by the prosecutor's suggestion that the arguments of defense counsel must be blatantly nefarious because "defense counsel does this, blames everybody other than the defendant. Right?" (App. Vol. IV, pg. 720) That comment suggested to the jury that defense counsel, in presenting a theory of defense, had flagrantly manufactured an untrue fantasy in an attempt to mislead and deceive the jury.

This statement by the prosecutor, to the jury, encompassed two areas of prosecutorial misconduct, and, as such, denied Mr. Allen his rights to a fair trial, due process, confrontation, and an impartial jury as guaranteed by state and federal law, as well as the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Accordingly, Mr. Allen's convictions should be reversed.

Any contrary decision by a state court would be contrary to, or an unreasonable application of, clearly established federal law, and/or would involve an unreasonable determination of the facts. See 28 U.S.C. 2254(d)(1) and (2). The writ should be granted and the conviction and sentence should be vacated.

This claim was or a similar claim presented to the Nevada Supreme Court during direct appeal proceedings.

**Ground Two: Trial counsel was ineffective for failing to object to prosecutorial misconduct when the State improperly denigrated the defense theory and defense counsel during rebuttal in violation of Allen's Sixth and Fourteenth Amendments to the U.S. Constitution.**

(The facts of Ground One are fully incorporated here).

During Allen's trial, the prosecutor made statements implying he had personal knowledge of other prior bad acts committed by Allen. During closing, the prosecutor said, "that's who you're dealing with, a man with zero regard for the law.

The evidence in this case is overwhelming as I told you in voir dire.  Sometimes we're left with just one person, *convicted felon, drug addict*, you name it.  It goes on and on, that's what we're left with."

This was prosecutorial misconduct because the State suggested to the jury Allen had prior felony and drug convictions.

Furthermore, the defense was disparaged by the prosecutor's suggestion that the argument of defense counsel must be blatantly nefarious.  The State said during closing, "defense counsel does this blame everybody other than the defendant, right."

This was prosecutorial misconduct because the State suggested to the jury that defense counsel presented a theory of defense that was manufactured and untrue in an attempt to deceive the jury.

The State belittled and ridiculed the defense theory of the case during closing statement.  Then, in rebuttal, the State again improperly disparaged defense counsel by making Allen's attorneys out to be dishonest.

Allen was prejudiced by his attorney's failure to object to this prosecutorial misconduct.  The jury was influenced to stray from its responsibility to be fair and unbiased.  The State's remarks jeopardized Allen's right to be tried solely on the basis of evidence presented to the jury.  Given the trust the jury puts in the prosecution, Allen was prejudiced by these statements and by his attorney's failure to object to these statements.

Any contrary decision by a state court would be contrary to, or an unreasonable application of, clearly established federal law, and/or would involve an unreasonable determination of the facts.  See 28 U.S.C. 2254(d)(1) and (2).  The writ should be granted and the conviction and sentence should be vacated.

This claim or a similar claim was presented to the Nevada Supreme Court during post-conviction proceedings.

**Ground Three:** **The prosecution failed to adequately investigate the crime charged in violation of Allen's Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.**

The police responded to a scene and encountered an officer at the scene. After responding to a code red domestic disturbance call, the officer, Officer Karanikolas, suffered an injury to his right leg as he attempted to give chase after a fleeing suspect—the suspect was Allen. At some point, while chasing Allen, Allen made a sudden change of direction, which caused the officer to also suddenly change direction, and the officer fell down. He heard a pop, and his leg gave out.

At no point did the officer say he suffered his injury because of an attack by Allen.

Furthermore, on August 9, 2016, no police report was ever taken on a crime of battery on a protected person. No voluntary statement was ever made or taken by the officer.

The officer was never under the impression a crime had been committed against him by Allen. The State failed to sufficiently investigate the charged crime prior to trying Allen for it. Allen was prejudiced as a result as he was convicted on insufficient evidence in violation of the U.S. Constitution.

Any contrary decision by a state court would be contrary to, or an unreasonable application of, clearly established federal law, and/or would involve an unreasonable determination of the facts. See 28 U.S.C. 2254(d)(1) and (2). The writ should be granted and the conviction and sentence should be vacated.

This claim or a similar claim was presented to the Nevada Supreme Court during post-conviction proceedings.

**Ground Four: The prosecution committed misconduct by knowingly presenting false testimony in violation of Allen's Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.**

It is well established that a conviction obtained by the knowing use of perjured testimony is fundamentally unfair and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.

In this case, Allen was denied due process of law when he was convicted of battery on a protected person.

At trial, Officer Karanikolas was asked by defense counsel—"the defendant didn't run straight into you and hit you in the face?"

The officer testified he would say there was a collision, and that Allen ran head on into him.

But at the preliminary hearing, Officer Karanikolas testified he was never under the impression Allen wanted to injure the officer or make contact with the officer. Then the officer testified there was no collision.

Allen was prejudiced by this perjured testimony. There is a reasonable likelihood that had Officer Karanikolas testified truthfully at trial, Allen would not have been found guilty of battery on a protected person. Rather, he may have been found guilty of the lesser offense of resisting a public officer.

Any contrary decision by a state court would be contrary to, or an unreasonable application of, clearly established federal law, and/or would involve an unreasonable determination of the facts. See 28 U.S.C. 2254(d)(1) and (2). The writ should be granted and the conviction and sentence should be vacated.

This claim or a similar claim was presented to the Nevada Supreme Court during post-conviction proceedings.

**Ground Five: Trial counsel was ineffective for failing to impeach Officer Karanikolas with his preliminary hearing testimony in violation of Allen's Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.**

Allen fully incorporates Ground Four here. Allen's attorney was ineffective for failing to impeach Officer Karanikolas' trial testimony with his conflicting preliminary hearing testimony. Allen was prejudiced as a result.

Any contrary decision by a state court would be contrary to, or an unreasonable application of, clearly established federal law, and/or would involve an unreasonable determination of the facts. See 28 U.S.C. 2254(d)(1) and (2). The writ should be granted and the conviction and sentence should be vacated.

This claim or a similar claim was presented to the Nevada Supreme Court during post-conviction proceedings.

**Ground Six: Trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of resisting a public officer in violation of Allen's Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.**

During trial, trial counsel failed to offer a jury instruction on the lesser included offense of resisting a public officer (Nev. Rev, Stat. § 199.280). The evidence was sufficient to support such an instruction (Ground Four, fully incorporated here).

Additionally, the trial court denied Allen due process and a fair trial by failing to sue sponte instruct the jury on resisting a public officer.

Allen was prejudiced as a result.

Any contrary decision by a state court would be contrary to, or an unreasonable application of, clearly established federal law, and/or would involve an unreasonable determination of the facts. See 28 U.S.C. 2254(d)(1) and (2). The writ should be granted and the conviction and sentence should be vacated.

This claim or a similar claim was presented to the Nevada Supreme Court during post-conviction proceedings.

## PRAYER FOR RELIEF

Accordingly, Ronald Allen respectfully requests that this Court:

1. Issue a writ of habeas corpus to have Allen brought before the Court so that he may be discharged from his unconstitutional confinement;

2. Conduct an evidentiary hearing at which proof may be offered concerning the allegations in this amended petition and any defenses that may be raised by respondents; and

3. Grant such other and further relief as, in the interests of justice, may be appropriate.

Dated June 10, 2022.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ Kimberly Sandberg*
Kimberly Sandberg
Assistant Federal Public Defender

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury under the laws of the United States of America and the State of Nevada that the facts alleged in this petition are true and correct to the best of counsel's knowledge, information, and belief.

Dated June 10, 2022.

          Respectfully submitted,

          Rene L. Valladares
          Federal Public Defender

          */s/ Kimberly Sandberg*
          Kimberly Sandberg
          Assistant Federal Public Defender