UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONALD E. ALLEN, JR., <br><br> Petitioner, <br><br> v. <br><br> TIM GARRETT, <br><br> Respondents. | Case No. 3:22-cv-00176-ART-CSD <br><br> ORDER |

The Court previously appointed counsel for Petitioner Ronald E. Allen, Jr. in this habeas corpus action on May 12, 2022. (ECF No. 5.) Counsel made an initial appearance for Allen on June 6, 2022. (ECF No. 11.) On June 6, 2022, the Court issued a scheduling order, which, among other things, granted Allen 90 days (until and including September 5, 2022) to file an amended habeas petition. (ECF No. 12.)

On June 10, 2022, Allen filed a first amended petition and moved for leave to file a second amended petition. (ECF Nos. 14, 15.) Allen states in his motion that he filed the first amended petition in such a short time because of his understanding that the expiration of the applicable limitations period was imminent. (*Id.* at 2.) Allen requests leave to file a second amended petition so that he has a reasonable opportunity to prepare an amended petition that fully reflects counsel's considered judgment. (*Id.* at 3.) Allen further requests that the Court waive the requirement of LR 15-1(a), which generally requires a party to attach the proposed amended pleading to a motion seeking leave of court to amend, explaining that that rule is ill-suited for this situation. (*Id.* at 4.)

Respondents argue that Allen's motion should be denied because he failed to attach a proposed second amended petition to his motion (ECF No. 17 at 2.)

Local Rule 15-1(a) states that a proposed amended pleading must be

submitted with the motion for leave to amend unless otherwise permitted by the court. When the court appoints counsel to represent habeas corpus petitioners, as a matter of course it gives counsel leave to file an amended petition. The only difference here is that counsel is trying to file a petition before the one-year deadline to minimize the probability that grounds for relief would not relate back to a timely petition. The Court sees no reason to depart from its usual practice in habeas corpus cases. Moreover, under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the Court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court finds that there is good cause for Allen to file a second amended habeas petition, so the Court will grant Allen's motion. The Court will waive the requirement of LR 15-1(a). This order does not, however, affect, in any manner, the operation of the statute of limitations in this case, and the Court does not mean in this order to convey any opinion whatsoever about when the limitations period expires (or expired).

It is therefore ordered that Allen's Motion for Leave to File a Second Amended Petition (ECF No. 15) is granted. Respondents need not respond to Allen's First Amended Petition. Allen will have until and including September 5, 2022, to file a Second Amended Petition. In all other respects, the schedule for further proceedings set forth in the order entered June 6, 2022 (ECF No. 12) will remain in effect.

DATED THIS 12th day of July 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE