1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| RONALD E. ALLEN, JR., | Case No. 3:22-cv-00176-ART-CSD |
|---|---|
| Petitioner, | ORDER |
| v. | |
| TIM GARRETT, | |
| Respondents. | |

## I.   SUMMARY

On October 21, 2022, Petitioner Ronald E. Allen, Jr. ("Petitioner" or "Allen") filed a counseled second-amended § 2254 petition. (ECF No. 22.) This matter comes before the Court on Respondents' motion to dismiss the second-amended petition. (ECF No. 37 ("Motion").) Allen opposed the Motion, and Respondents replied. (ECF Nos. 38, 39.) For the reasons stated below, the Court denies the motion.

## II.   BACKGROUND

Allen challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). (ECF No. 30-8.) On February 16, 2018, the state court entered a judgment of conviction, pursuant to a jury verdict, for battery on a protected person causing substantial bodily harm. (*Id.*) Allen was adjudicated under the small habitual criminal statute and sentenced to 8 to 20 years in prison. (*Id.*) Allen appealed, and the Nevada Court of Appeals affirmed on April 16, 2019. (ECF No. 30-23.) Remittitur issued on May 13, 2019. (ECF No. 30-24.)

On May 27, 2020, Allen filed a state petition for writ of habeas corpus. (ECF No. 30-27.) The state court denied post-conviction relief on August 18, 2021. (ECF No. 31-7.) Allen filed a post-conviction appeal, and the Nevada Court of

Appeals affirmed the denial on April 11, 2022. (ECF No. 31-18.) Remittitur issued on May 6, 2022. (ECF No. 31-19.)

On or about April 13, 2022, Allen dispatched his *pro se* federal habeas corpus petition. (ECF No. 6 at 6.) On May 12, 2022, this Court screened Allen's *pro se* petition and granted Allen's motion for the appointment of counsel, and on June 6, 2022, this Court appointed the Federal Public Defender to represent Allen. (ECF Nos. 5, 12.) Allen filed a counseled first-amended petition and counseled second-amended petition on June 10, 2022, and October 21, 2022, respectively. (ECF Nos. 14, 22.)

On April 20, 2023, Respondents moved to dismiss Allen's second-amended petition, arguing (1) ground 4 of Allen's second-amended petition does not relate back to either of his timely-filed petitions, and (2) grounds 3 and 4 are unexhausted. (ECF No. 37.) On May 3, 2023, Allen opposed the motion to dismiss, and on May 9, 2023, Respondents replied to the opposition. (ECF Nos. 38, 39.)

## III.   DISCUSSION

### A.   Relation back

Respondents argue that Allen's second-amended petition was filed after his limitations period expired, and because ground 4 of Allen's second-amended petition does not relate back to Allen's timely *pro se* petition or timely first-amended petition, this Court must dismiss it as untimely. (ECF No. 37 at 5–7.) Allen contends that ground 4 of his second-amended petition relates back to grounds 4 and 5 of his first-amended petition, so it is timely. (ECF No. 38 at 4, 7.)

#### 1.   Legal standard

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed

pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction, or sentence. *Id.* at 655–64. Rather, habeas claims asserted in an amended petition relate back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

### 2.    Ground 4

In ground 4 of his second-amended petition, Allen alleges that his trial counsel was ineffective for failing to impeach Officer Karanikolas with his medical records. (ECF No. 22 at 11.) The parties do not dispute that ground 4 of Allen's second-amended petition must relate back his timely first-amended petition to be deemed timely. (*See* ECF Nos. 37 at 6, 38 at 6, 39 at 2.)

In ground 4 of his first-amended petition, Allen supported his claim with the following fact: Officer Karanikolas' testimony changed dramatically from the preliminary hearing to Allen's trial. (ECF No. 14 at 10.) Specifically, at the preliminary hearing, Officer Karanikolas testified that Allen did not collide with him, but during the trial he testified that Allen did collide with him. (*Id.*) And in ground 5 of his first-amended petition, Allen argued that his trial counsel was ineffective for failing to impeach Officer Karanikolas' trial testimony with his

preliminary hearing testimony. (*Id.* at 11.)

Likewise, in ground 4 of his second-amended petition, Allen explained that Officer Karanikolas' testimony changed dramatically from the preliminary hearing to the trial, and trial counsel did not impeach the officer with his medical records. (ECF No. 22 at 11–12.) Allen elaborates that Officer Karanikolas' medical records would have shown that the version of events he relayed to his doctors following the incident was consistent with his preliminary hearing testimony, thus allowing further impeachment of his trial testimony. (*Id.*)

The addition of the medical records as an impeachment basis in ground 4 of the second-amended petition does not render ground 4 untimely. Although Officer Karanikolas' medical records were not mentioned in Allen's first-amended petition, the overarching conduct of ground 4 remains the same as in the first-amended petition: Allen's trial counsel was ineffective for failing to impeach Officer Karanikolas. This more precise basis with which impeachment could have been sought is merely an extension of the original impeachment basis. As such, this Court finds that ground 4 of the second-amended petition does not alter the operative facts of the first-amended petition. Ground 4 relates back and is timely.

**B.    Exhaustion**

Respondents argue that grounds 3 and 4 are unexhausted. (ECF No. 37 at 9.) In ground 3, Allen alleges that his trial counsel was ineffective for failing to object to the prosecution's misconduct when the State knowingly presented false testimony. (ECF No. 22 at 8.) And as was discussed previously, in ground 4, Allen alleges that his trial counsel was ineffective for failing to impeach Officer Karanikolas with his medical records. (*Id.* at 11.)

**1.    Legal standard**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will

have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman*, 501 U.S. at 730–31. "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

### 2.    Grounds 3 and 4

Allen admits that grounds 3 and 4 have not been exhausted, but he argues that (1) they are technically exhausted and procedurally defaulted, and (2) he can overcome the procedural default under *Martinez v. Ryan*. (ECF No. 38 at 9–10.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Allen would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then

1    petitioner cannot establish that "it is clear that the state court would hold the
2    claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the
3    courts in this district have generally declined to find a claim subject to
4    anticipatory procedural default unless the petitioner represents that he would be
5    unable to establish cause and prejudice in a return to state court. In such a case,
6    the claim would generally be subject to immediate dismissal as procedurally
7    defaulted, as the petitioner would have conceded that he has no grounds for
8    exception to the procedural default in federal court.

9        A different situation is presented, however, where the Nevada state courts
10   do not recognize a potential basis to overcome the procedural default arising from
11   the violation of a state procedural rule that is recognized under federal law. In
12   *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or
13   inadequate assistance of counsel in an initial-review collateral proceeding may
14   be relied upon to establish cause excusing the procedural default of a claim of
15   ineffective assistance of trial counsel. *Id.* at 9. The Nevada Supreme Court does
16   not recognize *Martinez* as cause to overcome a state procedural bar under Nevada
17   state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada
18   habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for
19   overcoming a state procedural bar on an unexhausted claim can successfully
20   argue that the state courts would hold the claim procedurally barred but that he
21   nonetheless has a potentially viable cause-and-prejudice argument under federal
22   law that would not be recognized by the state courts when applying the state
23   procedural bars.

24       Here, Allen advances only *Martinez* as a basis for excusing the anticipatory
25   default of grounds 3 and 4. (*See* ECF No. 38 at 9–10.) Accordingly, the Court
26   considers grounds 3 and 4 to be technically exhausted and procedurally

27

28

1  defaulted. Because the analysis of prejudice[1] to overcome the procedural default
2  of grounds 3 and 4 is necessarily intertwined with the merits of grounds 3 and 4,
3  the Court defers a determination of whether Allen can overcome the procedural
4  default of grounds 3 and 4 until the time of merits determination.

5  **V.   CONCLUSION**

6  It is therefore ordered that Respondents' motion to dismiss (ECF No. 37) is
7  denied as follows: (1) ground 4 relates back and is timely and (2) grounds 3 and
8  4 are technically exhausted and procedurally defaulted. The Court defers
9  consideration of whether Allen can demonstrate cause and prejudice under
10  *Martinez v. Ryan*, 566 U.S. 1 (2012) to overcome the procedural default of grounds
11  3 and 4 until after the filing of an answer and reply in this action.

12  It is further ordered that Respondents must file an answer to the second-
13  amended petition within 60 days of the date of this order. Allen will have 60 days
14  from service of the answer within which to file a reply.

15  DATED THIS 24th day of May 2023.

16
17
18  _____
     ANNE R. TRAUM
19  UNITED STATES DISTRICT JUDGE
20
21
22
23
24
25
26
27
28

---

[1] Because Allen was not represented by counsel during his initial state post-
conviction proceedings, he has established cause.